QUESTION: What is the effect of s. 394.473(3), F.S., on payment of witness fees for psychiatrists who are full-time state employees?
SUMMARY: With regard to psychiatrists who are full-time state employees, s. 394.473(3), F.S., excludes only payment of reasonable witness fees for attending court hearings on indigents held pursuant to The Florida Mental Health Act, Part I of Chapter 394, F.S. Section 394.473(3) does not have any effect on payment of witness fees to psychiatrists who are full-time state employees for attendance at other hearings, nor are such psychiatrists otherwise prohibited from accepting court ordered expert witness fees in criminal actions. In implementing the provisions of "The Florida Mental Health Act," Part I of Ch. 394, F.S., the Legislature, by adopting s. 394.473(3), specifically provided for the payment of reasonable witness fees for physicians attending court hearings held pursuant to The Florida Mental Health Act in cases where the person is indigent. Section 394.473(3) reads: In case of indigency of any person for whom the appearance of a physician is required in a court hearing pursuant to the provisions of this act, the physician, except a physician who is classified as a full-time employee of the state or who is receiving remuneration from the state for his time in attendance at the hearing, shall be entitled to a reasonable fee to be determined by the court and paid from the general fund of the county from which the patient was hospitalized. Under such provision, there is no authority for payment of reasonable witness fees to physicians who are full-time state employees who attend court hearings for indigents held pursuant to the provisions of The Florida Mental Health Act. However, the provisions of s.394.473(3), F.S., relate only to hearings held under The Florida Mental Health Act, and have no effect on the payment of expert witness fees of physicians who are full-time state employees in other court appearances such as criminal cases. See AGO 072-84. I would note that expert witness fees in criminal cases are taxed as costs and, in all cases other than those concerning convicted solvent defendants, are paid from the county fine and forfeiture fund. Section 142.01, F.S. As such funds are not state funds, a full-time state psychiatrist is not prohibited by the provisions of s. 216.262(1)(d), F.S., from accepting court ordered expert witness fees.